IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* )<br>SCOTT PAULSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHINWHA ELECTRONICS CORPORATION, )<br>)<br>Defendant. )<br>) | Civ. No. 05-1746 (RCL)<br><s>UNDER SEAL</s><br>*Per order 1/12/06* |

## JOINT STIPULATION OF DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms of the Settlement Agreement between the United States, Relator, and Defendant Shinwha Electronics., ("Settlement Agreement") (attached as Exhibit 1), the United States and Relator hereby stipulate, through their undersigned counsel, to the entry of an order dismissing this case as to Shinwha Electronics with no additional costs as to Relator, the United States, or Shinwha Electronics. No answer or motion for summary judgment has been filed by any adverse party.

The dismissal shall be with prejudice as to the Relator. The dismissal shall be with prejudice as to claims of the United States for the Covered Conduct to the extent provided in the Settlement Agreement.

Relator stipulates that the Settlement Agreement and the settlement amount are fair, adequate, and reasonable under all the circumstances as defined by 31 U.S.C. § 3730(c)(2)(B).

The United States and Relator respectfully request that the Court enter an order in the form of the proposed order attached.

Respectfully submitted,

COUNSEL FOR THE UNITED STATES:

Dated: 4 Jan 06

*[signature]*

MICHAEL F. HERTZ
PATRICIA R. DAVIS
ART J. COULTER
Attorneys, Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0237

COUNSEL FOR THE RELATOR:

Dated: 1.3.06

*[signature]*

THOMAS R. GRANDE
Davis Levin Livingston Grande
Attorney for Relator
SCOTT PAULSON

2

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

This Settlement Agreement and Release is made this 19th day of December 2005, by and among (i) the United States of America ("United States"), through the Department of Justice and on behalf of the United States Army ("Army"), (ii) Scott Paulson ("Relator") and (iii) Shinwha Electronics ("Shinwha"). The United States, Relator, and Shinwha hereinafter are jointly referred to as the "Parties."

### II. RECITALS

A. Shinwha Electronics is a Korean Corporation that specializes in manufacturing fire safety and suppression equipment. Shinwha entered into contract DAJB03-00-D-0082 with the United States Army's Contract Command Korea (CCK) in 2000. This contract consisted of the provision of fire life safety services for all U.S. military installations on the South Korean peninsula.

B. On February 14, 2002, Relator filed a qui tam suit against Shinwha in the United States District Court for the District of Hawaii, captioned as *United States of America ex rel. Scott Paulson v. Shinwha Electronics Corp.*, Civ. No. 02-00092HQ (D. HI). This complaint was transferred to the United States District Court for the District of Columbia and given Civil Action No. 05 1746. In his complaint, the Relator alleged, among other allegations, that Defendant Shinwha billed for services not rendered on various delivery orders under DAJB03-00-D-0082. "Covered conduct" is defined as both the allegations contained in relator's complaint and issues raised by the government's subsequent investigation into Shinwha's performance on contract number DAJB03-00-D-0082.

C. The Parties have engaged in settlement discussions concerning a disposition of the allegations raised in the qui tam action.

D. Shinwha disputes the allegations raised in the qui tam action at issue.

E. The parties mutually wish to avoid litigation relating to the allegations raised in the qui tam action and are desirous of a final negotiated settlement and compromise of their disputes, as more fully set forth herein.

### III. Terms of Agreement

NOW, THEREFORE, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below, and in resolution of the issues relating to the qui tam allegations, and for good and valuable consideration as stated herein, receipt of which is acknowledged by the United States, Relator, and Shinwha, the Parties agree as follows:

1. Shinwha agrees to pay to the United States $1,200,000 (the "Settlement Amount"). Contingent upon the United States receiving the Settlement Agreement payments from Shinwha and as soon as feasible after the receipt, the United States agrees to pay $240,000 of the Settlement Amount to the relator. Shinwha and Relator have entered into an agreement to pay relator for expenses and attorney's fees and costs. The foregoing payments and actions shall be made as follows:

    a. Shinwha agrees to pay the full Settlement Amount to the United States by electronic funds transfer pursuant to written instructions to be provided by the Department of Justice. Shinwha agrees to make this electronic funds transfer within 5 business days of the Effective Date of this Agreement.

    b. Contemporaneously with the signing of this Settlement Agreement, the parties

shall execute the attached Stipulation of Dismissal and Proposed Order of Dismissal (Exhibit A), in which the United States and the Relator agree to dismiss the Qui Tam Action with prejudice subject to the terms of this Settlement Agreement. The United States shall file the Stipulation of Dismissal and Proposed Order of Dismissal with the United States District Court for the District of Columbia within five (5) business days after the later of the execution of the Settlement Agreement or receipt of the payments.

      c. Shinwha will, within one business day of dismissal of the qui tam action, dismiss with prejudice its claim against the United States in the Court of Federal Claims (05-477C).

2. Pursuant to the terms of this agreement and receipt of monies referenced in paragraph 1, the United States shall release and have no further civil or administrative monetary claims (including damages, penalties, attorney's fees, and expenses of any kind and however denominated) or cause of action against Shinwha, including their current and former directors, officers, employees, agents, parents, subsidiaries, affiliates, successors, and assigns under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812, Contract Disputes Act, 41 U.S.C. §§ 601-613, the Truth in Negotiations Act, 10 U.S.C. § 2306, or any other statute creating causes of action for damages or penalties for the submission of false claims, or at common law for fraud or under theories of payment by mistake, unjust enrichment or breach of contract for the covered conduct. This Agreement does not release Shinwha, including their current and former directors, officers, employees, agents, parents, subsidiaries, affiliates, successors, and assigns from liability with respect to:

      a. any claims based on such obligations as created by this Agreement;

    b. any claims that the United States may have under the Internal Revenue Code, Title 26 of the United States Code;

    c. the suspension or debarment rights of any federal agency.

3. Shinwha fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Shinwha has asserted, could have asserted, or may assert against the forgoing entities and individuals related to the covered conduct to include the pending action before the Court of Federal Claims (05-477C).

4. Conditioned upon receipt of the full payment the Settlement Amount as provided in paragraph one (1), the Relator, for himself individually, and for his heirs, successors, attorneys, agents, and assigns, agrees to release Shinwha, their officers, agents, and employees, from any liability to Relator arising from the filing of the Qui Tam Action, including, but not limited to, any liability to Relator arising under 31 U.S.C. § 3730(d) (expenses or attorney's fees and costs).

5. Conditioned upon final receipt of the payments described in Paragraph 1 (the Relator's Share), the Relator, for himself individually, and for his heirs, successors, agents and assigns, fully and finally releases, waives, and forever discharges the United States, its officers, agents, and employees, from any claims arising from or relating to 31 U.S.C. §3730, including 31 U.S.C. §§3730(b), (c), (c)(5), and (d), from any claims arising from the filing of the Qui Tam Civil Action, and from any other claims for a share of the Settlement Amount, and in full settlement of any claims Relator may have under this Agreement. This Agreement does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Agreement.

6. Relator agrees that this Settlement Agreement is fair, adequate and reasonable under all the circumstances and that he will not challenge the agreement pursuant to 31 U.S.C. § 3730(c)(2)(B).

7. It is agreed that all costs (as defined in the Federal Acquisition Regulations (FAR) § 31.205-47) incurred by or on behalf of Shinwha, its present or former officers, directors, employees, shareholders, and agents in connection with (1) the matters covered by this Settlement Agreement; (2) the Government's audits and investigations of the matters covered by this Settlement Agreement; (3) Shinwha's investigation and defense of the matters covered by this Settlement Agreement and corrective actions related thereto; (4) the negotiation and performance of this Settlement Agreement; and (5) the payment Shinwha makes to the United States pursuant to this Settlement Agreement, including any costs and attorneys' fees, shall be unallowable costs for Government contract accounting purposes. These amounts shall be separately accounted for by Shinwha by identification of costs incurred: 1) through accounting records to the extent that is possible; 2) through memorandum records including diaries and informal logs, regardless of whether such records are part of official documentation, where accounting records are not available; or 3) through itemized estimates where no other accounting basis is available.

8. The Parties agree that, if the United States District Court for the District of Columbia fails to approve the Settlement pursuant to 31 U.S.C. § 3730(c)(2)(B) or to enter the Order of Dismissal dismissing Civil Action No. No. 05 1746. with prejudice, this agreement shall be null and void.

9. This document contains the full and complete Agreement with respect to the matters

covered herein. No modification of this Agreement shall be effective unless in writing and signed by the Parties, and agreed to by the United States.

10. All parties consent to the public disclosure of this Settlement Agreement, and information about this Settlement Agreement may be made available to the public upon request.

11. Each person who signs this Agreement in a representative capacity warrants that he or she is duly authorized to do so. Further, each Party for himself or itself, as the case may be, (i) acknowledges that such Party has been advised by competent legal counsel in connection with the execution of this Agreement and the accompanying releases, has read each and every paragraph of this Agreement, understands the respective rights and obligations set forth herein, and (ii) represents that the commitments, acknowledgment, representations, and promises set forth herein are freely and willingly undertaken and given. The effective date of this agreement shall be the date of the last signatory.

12. This Settlement Agreement shall be interpreted in accordance with the federal laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court for the District of the District of Columbia.

13. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. This Agreement is intended to be for the benefit of Shinwha, Relator, and the United States only, and by this instrument Shinwha, Relator, and the United States do not release any claims against any other person or entity, except those who may be identified within this

Agreement.

15. Dismissal of the Qui Tam Action is subject to the terms of the Settlement Agreement.

16. This document shall be executed in counterparts, with one original being provided to each party. Each of the counter part documents shall be considered an original of this document.

ARTHUR J. COULTER
Civil Division
Commercial Litigation Branch

Attorney for Plaintiff
UNITED STATES OF AMERICA

Date: 19 Dec 05

                                                                                      _____
STEPHEN M. RYAN
HOLLY A. ROTH
Manatt Phelps and Phillips
Attorneys for Defendant
SHINWHA ELECTRONICS CORPORATION

Date: 12/16/05

Date: 12/19/05

*Thomas R. Grande*
THOMAS R. GRANDE
Davis Levin Livingston Grande
Attorney for Relator
SCOTT PAULSON